UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2685 PA (FFMx) | Date | April 20, 2016 |
|---|---|---|---|
| Title | Star Fabrics, Inc. v. Burlington Coat Factor Direct Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     ORDER TO SHOW CAUSE

The Court has reviewed the Complaint filed by plaintiff Star Fabrics, Inc. ("Plaintiff") against defendants Burlington Coat Factory Direct Corp. ("Burlington"), Trend Textile, Inc. ("Trend"), Meetu Magic, Inc. ("Meetu"), Ms. Bubbles, Inc. ("Ms. Bubbles"), and ZZ Fashion Corp. ("ZZ") (collectively "Defendants"). (Docket No. 1.) Plaintiff alleges that it owns four two-dimensional designs registered with the United States Copyright Office and that Defendants, in various combinations,[1] have infringed its copyrights.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Proc. 20(a)(2) (emphasis added); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the Complaint, it does not appear that there is a question of fact or law common to all Defendants, nor is it clear that Plaintiff's claims arise out of the same

---

[1]     Specifically, the Complaint alleges that Trend and Burlington infringed Design No. 62194, that Meetu and Burlington infringed Design No. 62634, that Burlington and Ms. Bubbles infringed Design No. 62805, and that Burlington and ZZ Fashion infringed Design No. 64756.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2685 PA (FFMx) | Date | April 20, 2016 |
|---|---|---|---|
| Title | Star Fabrics, Inc. v. Burlington Coat Factor Direct Corp., et al. | | |

transaction or occurrence.  No facts are alleged in the Complaint to satisfy Rule 20(a)(2).  See, e.g., Star Fabrics, Inc. v. Sears Roebuck & Co., 2013 U.S. Dist. LEXIS 49204 (C.D. Cal. Apr. 4, 2013) (Order to Show Cause).

  The Court therefore orders Plaintiff to show cause in writing, no later than May 4, 2016, why one or more defendants should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 18, 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").

  In response to this Order to Show Cause, Plaintiff may, if it so chooses, dismiss its claims relating to all but one design in this action and file separate actions against the remaining Defendants with new complaints and filing fees.

  IT IS SO ORDERED.