John T. Egley, Bar No. 232545
  jegley@calljensen.com
Scott P. Shaw, Bar No 223592
  sshaw@calljensen.com
W. Christopher Dalton, Bar No. 267697
  cdalton@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:    (949) 717-3000
Fax:    (949) 717-3100

Attorneys for Defendants Burlington Coat Factory
Direct Corporation and Meetu Magic, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>                    Plaintiff,<br><br>                    vs.<br><br>BURLINGTON COAT FACTORY DIRECT CORPORATION, a Delaware Corporation; MEETU MAGIC, INC., a New York Corporation; and DOES 1 through 10,<br><br>                    Defendants. | Case No.  2:16-cv-02685-PA (FFMx)<br><br>**DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  March 13, 2017<br>Time:  1:30 p.m.<br>Crtrm: 9A<br><br>Complaint Filed:   April 19, 2016<br>Trial Date:        April 18, 2017 |

MEE01-18:1883451_1:2-13-17

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ...................................................................................... 3

II.  FACTUAL BACKGROUND ..................................................................... 4

III.  LEGAL STANDARD ................................................................................ 7

    A.  Dismissal for Failure to Prosecute is Proper where Plaintiff Cannot Demonstrate with Evidence that a Trier of Fact should Find in its Favor. ..................................................................... 7

    B.  Summary Judgment is Proper Where No Evidence Supports the Nonmoving Party's Claims. ............................................................ 8

    C.  Evidence Not Produced in Discovery is Inadmissible. ................... 10

IV.  DISCUSSION .......................................................................................... 10

    A.  **Legal Standard Governing Copyright Infringement Claims** ............................................................................................. 10

    B.  Plaintiff Cannot Meet its Burden of Proof. .................................... 11

        1.  Plaintiff failed to provide evidence that it is the author or owner of the Subject Design during the discovery period. ................................................................................... 12

        2.  Plaintiff has provided no evidence that the Defendants had access to the Subject Design. ..................................... 13

        3.  Denying this motion would prejudice Defendants. ........... 15

V.  CONCLUSION ........................................................................................ 15

CALL &
JENSEN

MEE01-18:1883451_1:2-13-17

- i -

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

# TABLE OF AUTHORITIES

2

Page(s)

3

## FEDERAL CASES

4   *Ash v. Cvetkov,*

5       739 F.2d 493 (9th Cir. 1984)......................................................................7

6   *Beyene v. Coleman Sec. Servs., Inc.,*

7       854 F.2d 1179 (9th Cir.1988) ...................................................................10

8   *Celotex Corp. v. Catrett,*

9       477 U.S. (1986)............................................................................7, 8, 11

10  *Feist Publications, Inc. v. Rural Tel. Serv. Co.,*

11      499 U.S. 340 (1991) ...................................................................................10

12  *Giddings v. Vision House Production, Inc.,*

13      584 F.Supp.2d 1222 (D. Ariz. 2008) ........................................................10

14  *Henderson v. Duncan,*

15      779 F.2d 1421 (9th Cir. 1986) .....................................................................7

16  *Hernandez v. Spacelabs Med. Inc.,*

17      343 F.3d 1107 (9th Cir.2003) ......................................................................7

18  *Hoffman v. Constr. Protective Servs., Inc.,*

19      541 F.3d 1175 (9th Cir.2008) .................................................................8, 10

20  *In re Oracle Corp. Sec. Litig.,*

21      627 F.3d 376 (9th Cir. 2010)........................................................................9

22  *Intel Corp. v. Hartford Accident & Indem. Co.,*

23      952 F.2d 1551 (9th Cir.1991) ......................................................................7

24  *James River Ins. Co. v. Herbert Schenk, P.C.,*

25      523 F.3d 915 (9th Cir.2008).........................................................................7

26  *Jason v. Fonda,*

27      698 F.2d 966 (9th Cir.1982).......................................................................11

28

CALL &
JENSEN

**TABLE OF AUTHORITIES (con't)**

Page(s)

*Lewis v. Casey,*

    518 U.S. 343 (1996) ................................................................................. 10

*Narell v. Freeman,*

    872 F.2d 907 (9th Cir.1989) ................................................................... 11

*Nealey v. Transportation Maritima Mexicana, S.A.,*

    662 F.2d  (9th Cir. 1980) .......................................................................... 7

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.,*

    210 F.3d 1099 (9th Cir.2000) ................................................................... 7

*Orr v. Bank of Am., NT & SA,*

    285 F.3d 764 (9th Cir.2002) .............................................................. 10, 12

*Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,*

    248 F.3d 29 (1st Cir.2001) ....................................................................... 8

*R & R Sails, Inc. v. Ins. Co. of Penn.,*

    673 F.3d 1240 (9th Cir.2012) ................................................................... 8

*Soremekun v. Thrifty Payless, Inc.,*

    509 F.3d 978 (9th Cir. 2007) .................................................................... 7

*Three Boys Music Corp. v. Bolton,*

    212 F.3d 477 (9th Cir. 2000) .................................................................. 11

*Torres v. City of L.A.,*

    548 F.3d 1197 (9th Cir.2008) ................................................................... 8

*Triton Energy Corp. v. Square D Co.,*

    68 F.3d 1216 (9th Cir.1995) ..................................................................... 8

*United Fabrics Int'l, Inc. v. C&J Wear, Inc.,*

    630 F.3d 1255 (9th Cir. 2011) ................................................................ 12

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.,*

    259 F.3d 1101 (9th Cir.2001) .............................................................. 8, 10

MEE01-18:1883451_1:2-13-17         - iii -

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CALL &
JENSEN

**TABLE OF AUTHORITIES (con't)**

Page(s)

FEDERAL STATUTES

17 U.S.C. § 501(b) .......................................................................................................10

FEDERAL RULES

Fed.R.Civ.P. 37 .......................................................................................................8, 10

Fed. R. Civ. P. 56(a) ...............................................................................................8, 11

Fed.R.Civ.P. 56(e) ....................................................................................................10

OTHER AUTHORITIES

Ninth Circuit Model Jury Instructions 17.4 ...............................................................12

Ninth Circuit Model Jury Instructions 17.16 .............................................................13

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on March 13, 2017, at 1:30 p.m. or as soon thereafter as the matter may be heard in the above-entitled court, before the Honorable Percy Anderson, in Courtroom 9A, located at 350 W. 1st Street, Los Angeles, California 90012, Defendants Burlington Coat Factory Direct Corporation and Meetu Magic, Inc., (collectively "Defendants") will and hereby do move the Court, pursuant to Federal Rules of Civil Procedure 56, for summary judgment as to Plaintiff Star Fabrics, Inc.'s ("Star Fabrics" or "Plaintiff")  Complaint and motion to dismiss for failure to prosecute.

GROUNDS FOR MOTION: This motion is made on the grounds that Plaintiff has failed to comply with the Copyright Act and has failed to prove infringement as a matter of law.  Therefore, Plaintiff does not have a valid copyright, cannot prove copying, and has no standing to bring this alleged infringement action.

Plaintiff has failed to comply with the statutory registration requirements that apply to a collective work.  Accordingly, Plaintiff does not have a valid copyright registration for the works it claims were infringed.

Additionally, Plaintiff has failed to apply for copyright registration of the purported "Subject Designs."  As a result, JC Penney cannot be held liable for copyright infringement.

BASIS OF MOTION:  This motion is based on this Notice of Motion and Motion, the Points and Authorities submitted herein, the declarations submitted concurrently with this Motion, and such further arguments and papers that may be presented to the Court before or during the hearing.

MEET AND CONFER CERTIFICATION:  Prior to the filing of this Motion, counsel for Defendants fully met and conferred with counsel for Plaintiff regarding this Motion.  Counsel for both parties agreed to file the respective Motions for Summary Judgment/Summary Adjudication on February 13, 2017 – for a hearing date on March 13, 2017.  Plaintiff's counsel violated the agreement by filing Plaintiff's Motion for

Summary Adjudication one week earlier, and noticing a hearing date of March 13, 2017.  As Plaintiff's counsel has breached the agreement, Defendants request that the Court enforce the parties' agreement and set both motions for hearing on the same day, March 13, 2017.

Dated:  February 13, 2017

CALL & JENSEN
A Professional Corporation
John T. Egley
Scott P. Shaw
W. Christopher Dalton


By: */s/ W. Christopher Dalton*
W. Christopher Dalton

Attorneys for Defendants Burlington Coat Factory Direct Corporation and Meetu Magic, Inc.

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This action cannot proceed.   Plaintiff Star Fabrics, Inc. alleges copyright infringement, but it failed to provide evidence supporting the central elements of its claim.   Defendants requested documents and information in written discovery to determine the basis for Plaintiff's assertions that it owns the design at issue (the "Subject Design"), that it holds a valid registration for the Subject Design, that Defendants had access to and copied the Subject Design, that the Subject Design is substantially similar to the allegedly infringing garments, and that Plaintiff suffered damages from the alleged infringement.   Plaintiff bears the burden to prove all of these elements, but it produced no documents during discovery as evidence for any of them. Defendants also sought to take the deposition of Plaintiff's person most knowledgeable about the key issues in the case, but again, Plaintiff cancelled the deposition and never produced a witness to testify, thereby providing no testimonial evidence for its claims.

The federal rules prohibit a party from introducing any evidence at trial that it failed to produce in discovery.   Because Plaintiff produced no evidence in discovery, and since the Court at the summary judgment stage may only consider evidence that is admissible at trial, Plaintiff can produce no evidence at this stage to prove that there is a dispute of material fact requiring summary judgment to be denied.

This is a case filed by a copyright troll whose business is premised on filing baseless infringement claims and pressuring defendants to settle in order to avoid the high costs and business losses incurred during lengthy litigation.   As Plaintiff's failure to provide any evidence supporting its claims shows, the case has no merit.   Plaintiff has failed to provide any evidence as proof of infringement as a matter of law, and summary judgment should therefore be granted.

/ / /

/ / /

/ / /

CALL & JENSEN

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## II.     <u>FACTUAL BACKGROUND</u>

In 2010, Defendant Meetu Magic obtained a design from Datta Arts Design Studio in India; the design is titled "DR06-Q DATTA ARTS DESIGN STUDIO." (Declaration of Gurdev Singh ("Singh Decl.") ¶ 2.)  Meetu later adapted the DR06-Q design and had it printed on a dress to be sold to retailers.  (Singh Decl. ¶ 3.)  Meetu obtained a copyright for the design in December 2014, under Registration Number VAu 1-249-714.  (Singh Decl. ¶ 4, Exhibit 1.)  An image of the dress bearing the DR06-Q design is below:



(Singh Decl. ¶ 4.)

Plaintiff Star Fabrics filed its Complaint in this matter alleging that it owns an original design entitled Design No. 62634 (the "Subject Design"), that the Subject Design has been registered with the United States Copyright Office, and that Defendants have infringed the Subject Design.  In support of its infringement claim, Star Fabrics included in its Complaint only the following images:

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

"Subject Design"                    Allegedly Infringing Design



On November 16, 2016, Defendants served discovery requests asking Plaintiff to provide all documents and information supporting its claims.  More specifically, Defendants requested, for example, all documents and information relating to the creation of the Subject Design, relating to Plaintiff's effort to register the copyright for the Subject Design, relating to the transfer of the Subject Design's (or related source artwork's) copyright(s), and supporting Plaintiff's claim for monetary relief. (Declaration of W. Christopher Dalton ("Dalton Decl.") ¶ 6, Ex. 1.)

Plaintiff responded on December 16, 2016, stating that it "has and will conduct a reasonable investigation and produce all discovered nonprivileged responsive documents in its possession, custody, or control" for each of Defendants' requests. (Dalton Decl. ¶ 7, Ex. 2.)  No documents were produced at the time the responses were served or at any time during the discovery period.

Moreover, Defendants on January 20, 2017 noticed the deposition of Plaintiff's person most qualified to testify regarding the central elements of Plaintiff's infringement claim in order to obtain testimonial evidence regarding Plaintiff's allegations of infringement.  The deposition was to be held on January 30.  (Dalton Decl. ¶ 8, Ex. 3.)  But on Friday January 27, the last business day before the deposition was to be taken, Plaintiff cancelled the deposition.  Defense counsel requested alternative dates for the deposition, which Plaintiff's counsel said he would provide. (Dalton Decl. ¶ 9.)  But Plaintiff's counsel failed to provide an alternative date for the deposition, and discovery is now closed.  (*Id*.)

1    Also on January 27, Defendants' counsel met and conferred with Plaintiff's

2  counsel to request the documents that Plaintiff stated in its discovery responses would

3  be produced.  Plaintiff's counsel stated that the requested documents would be produced

4  by close of business on January 31, 2017.  (Dalton Decl. ¶ 10, Ex. 4.)   But again,

5  Plaintiff failed to provide any documents during the discovery period.  (Dalton Decl. ¶

6  11.)  Plaintiff has thus deprived Defendants the opportunity to obtain and review both

7  the documents and the testimony Defendants have requested, rendering Defendants

8  incapable of mounting a proper defense to Plaintiff's claims.

9    Plaintiff provided only a series of images of a dress that it says bear the Subject

10  Design.  One such photograph is below, on the left.  The image on the right is, again,

11  Meetu Magic's image of the allegedly infringing dress bearing Meetu Magic's

12  adaptation of the DR06-Q design, which Plaintiff alleges infringes the Subject Design.

"Subject Design"          Allegedly Infringing Design



DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    As these images demonstrate, although the two designs contain similar elements,

2    the arrangement of those elements is significantly different. And because the DR06-Q

3    desing was obtained from India, Meetu had no reason to believe that a United States

4    copyright existed for the print design on its garment at the time it purchased the design.

5

6    **III.   LEGAL STANDARD**

7        **A.    Dismissal for Failure to Prosecute is Proper where Plaintiff Cannot**

8            **Demonstrate with Evidence that a Trier of Fact should Find in its**

9            **Favor.**

10       The Court has authority to dismiss for lack of prosecution due to Plaintiff's

11   repeated failures to comply with the FRCP, Local Rules, and unreasonable delay. *See,*

12   *e.g., Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986) (dismissal for lack of

13   prosecution due to failure to comply with local rule); *Nealey v. Transportation*

14   *Maritima Mexicana*, S.A., 662 F.2d 1280 (9th Cir. 1980) (unreasonable delay creates

15   injury to the defense and is grounds for dismissal for lack of prosecution); *Ash v.*

16   *Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (court has inherent power to dismiss for lack

17   of prosecution).

18       Moreover, the Court can dismiss and enter judgment where the moving party

19   cannot affirmatively demonstrate with evidence that a reasonable trier of fact could find

20   in favor of the movant. *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir.

21   2007). Where the moving party establishes the <u>absence of evidence</u>, the Court should

22   enter judgment in favor of the moving party. *See James River Ins. Co. v. Herbert*

23   *Schenk, P.C.,* 523 F.3d 915, 923 (9th Cir.2008); *Soremekun,* 509 F.3d at 984 (citing

24   *Celotex Corp. v. Catrett,* 477 U.S. at 323 (1986)). *See also Nissan Fire & Marine Ins.*

25   *Co., Ltd. v. Fritz Cos., Inc.,* 210 F.3d 1099, 1102 (9th Cir.2000).  The nonmoving party

26   cannot rely merely on allegations in the Complaint.  *Hernandez v. Spacelabs Med. Inc.,*

27   343 F.3d 1107, 1112 (9th Cir.2003).  The nonmoving party must present significant and

28   probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident &*

CALL &
JENSEN

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Indem. Co.,* 952 F.2d 1551, 1558 (9th Cir.1991). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[ ]" to defeat summary judgment. *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir.1995).

Here, <u>Plaintiff failed to produce any evidence during discovery</u>, and under Rule 37(c)(1), Plaintiff is precluded from relying on evidence that was not "properly disclosed." *R & R Sails, Inc. v. Ins. Co. of Penn.,* 673 F.3d 1240, 1246 (9th Cir.2012) (quoting *Hoffman v. Constr. Protective Servs., Inc.,* 541 F.3d 1175, 1180 (9th Cir.2008) (quoting *Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.2001))). Rule 37 sanctions are "'self-executing,' 'automatic[,]'" and designed to "provide[ ] a strong inducement for disclosure of material[.]" *Yeti by Molly, Ltd.,* 259 F.3d at 1106 (quoting Fed.R.Civ.P. 37 advisory committees note to the 1993 amendments (hereinafter "1993 advisory committee's note")). The party facing sanctions bears the burden of proving its failure to disclose the required information was substantially justified or is harmless. *R & R Sails, Inc.,* 673 F.3d at 1246 (citing *Torres v. City of L.A.,* 548 F.3d 1197, 1213 (9th Cir.2008)). "Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." *Yeti by Molly*, 259 F.3d at 1106 (citing *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir.2001)).

### B.  Summary Judgment is Proper Where No Evidence Supports the Nonmoving Party's Claims.

A party may move for summary judgment on any claim or defense in an action, and is entitled to summary judgment if the movant is entitled to judgment based on the facts where there is no genuine issue of dispute. *See* Fed. R. Civ. P. 56(a). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25

1    (1986).  The Ninth Circuit has consistently applied this rule, stating that on a motion for

2    summary judgment

> [w]here the non-moving party bears the burden of proof at trial, the moving
> party need only prove there is an absence of evidence to support the non-
> moving party's case.  Where the moving party meets that burden, the burden
> then shifts to the non-moving party to designate specific facts demonstrating
> the existence of genuine issues for trial.  This burden is not a light one.  The
> non-moving party must show more than the mere existence of a scintilla of
> evidence.  The non-moving party must do more than show that there is some
> metaphysical doubt as to the material facts at issue.  In fact, the non-moving
> party must come forth with evidence from which a jury could reasonably
> render a verdict in the non-moving party's favor.  In determining whether a
> jury could reasonably render a verdict in the non-moving party's favor, all
> justifiable inferences are to be drawn in its favor.

*In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (internal
quotation marks and citations omitted).

CALL &
JENSEN

MEE01-18:1883451_1:2-13-17                                          - 9 -
DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**C.    Evidence Not Produced in Discovery is Inadmissible.**

A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed.R.Civ.P. 56(e); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir.2002); *Beyene v. Coleman Sec. Servs., Inc*., 854 F.2d 1179, 1181 (9th Cir.1988).

Rule 37(c)(1) forbids the use at trial of any information required to be disclosed by Rule 26(a) that was is not properly disclosed during discovery. *Hoffman*, 541 F.3d at 1179  (citing *Yeti by Molly, Ltd.*, 259 F.3d at 1106 ("A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1))).

## IV.    DISCUSSION

### A.    Legal Standard Governing Copyright Infringement Claims

To support a copyright infringement claim, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

A plaintiff must prove that it owned a valid copyright to the design at issue at the time the alleged infringement took place.  See 17 U.S.C. § 501(b); *Giddings v. Vision House Production, Inc*., 584 F.Supp.2d 1222, 1228-29 (D. Ariz. 2008).  A plaintiff that fails to prove that it owned a valid copyright at the time of the alleged infringement has failed to prove that it has standing to sue.  *Id*. at 1229.  Standing is a jurisdictional requirement, and a court must dismiss an action for lack of subject matter jurisdiction if it determines the plaintiff lacks standing. *Id*.; *Lewis v. Casey*, 518 U.S. 343, 349 n. 1 (1996).

Proof of copying requires evidence that (1) the alleged infringer had access to the protected work before creating the accused work and (2) a substantial similarity of expression exists between the protected and accused works. *Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir.1989).  Plaintiffs rarely possess evidence of direct "copying" so the courts allow plaintiffs to prove copying by showing that the defendant had access, and by showing that the two designs are substantially similar.  *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000), *cert. denied*, 531 U.S. 1126 (2000) ("Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'").

The term "access" is defined as "an opportunity to view or copy plaintiff's work." *Id.* at 482.  In order to show access, Plaintiff must *prove* that Defendant had such an opportunity.  *Id.* at 483-84.  A bare possibility of access is insufficient to sustain a copyright infringement claim. *Jason v. Fonda*, 698 F.2d 966, 967 (9th Cir.1982).

## B.      Plaintiff Cannot Meet its Burden of Proof.

Because Plaintiff has produced neither documents nor testimony evidence supporting the central elements of its infringement claim, no such evidence is admissible, and the case should be dismissed for failure to prosecute, and/or summary judgment should be granted.  *Celotex*, 477 U.S. at 322-23 ("*[The] plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case*, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since *a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial*.  The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." (Emphasis added.)).

CALL& JENSEN

1              **1.     Plaintiff failed to provide evidence that it is the author or owner**
2                        **of the Subject Design during the discovery period.**

3          In order to prevail on its claims of copyright infringement, Star Fabrics must
4   establish both that it owns a valid copyright for the Subject Design and that Meetu
5   Magic copied this work.  Ninth Circuit Model Jury Instructions 17.4.

6          With respect to the first element, Star Fabrics has failed to produce any evidence
7   that it owns a valid copyright. Plaintiff's counsel has, in similar cases in the past,
8   included in the complaint the registration number and effective date of the relevant
9   design's copyright registration. (Dalton Decl. ¶ 4.)  Not so here.  The Complaint merely
10  states: "Plaintiff owns an original two-dimensional artwork used for purposes of textile
11  printing entitled 62634 ('Subject Design') which has been registered with the United
12  States Copyright Office."  (Compl. ¶ 9.)  And despite stating in its discovery responses
13  that documents relating to the Subject Design's registration would be forthcoming,
14  Plaintiff failed to produce any such documents during the discovery period.

15         "To rebut the presumption [of validity], an infringement defendant must simply
16  offer some evidence or proof to dispute or deny the plaintiff's prima facie case of
17  infringement." *United Fabrics Int'l, Inc. v. C&J Wear, Inc*., 630 F.3d 1255, 1257 (9th
18  Cir. 2011).  Here, the only party showing evidence of a valid copyright is Meetu Magic.
19  (Singh Decl. ¶ 4, Exhibit 1.)  Its registration certificate demonstrates that the DR06-Q
20  design was authored by Datta Art Design Studio and has been registered by Meetu
21  Magic, Inc.   Plaintiff made no such showing with respect to the Subject Design.
22  Plaintiff did not disclose any evidence to support its allegation that the work is original,
23  or that it was created by a Star Fabrics employee.

24         Having failed to provide evidence during discovery to prove that it owns a valid
25  copyright, Plaintiff will have no admissible evidence to offer at trial, and it cannot prove
26  its case. *Orr,* 285 F.3d at 773.  Summary judgment should be granted.

27

28

**2.      Plaintiff has provided no evidence that the Defendants had access to the Subject Design.**

With respect to the second element, copying may be shown either by direct evidence, or by proof that: (1) the author of the accused design had access to Plaintiff's copyrighted work, and (2) the works are substantially similar.  Ninth Circuit Model Jury Instructions 17.16.   Plaintiff has not produced any direct evidence of copying, Defendants' access to the Subject Design, or substantial similarity.

Access is defined as "a reasonable opportunity to view, read, hear, or copy the plaintiff's work before the defendant's work was created." *Id*. 17.17.  Access can be shown in three ways: (1) by proving "a chain of events connecting the plaintiff's work and the defendant's opportunity to view, hear, or copy that work such as dealings through a third party (such as a publisher or record company) that had access to the plaintiff's work and with whom both the plaintiff and the defendant were dealing," (2) "the plaintiff's work being widely disseminated," or (3) "a similarity between the plaintiff's work and the defendant's work that is so 'striking' that it is highly likely the works were not created independent of one another."   *Id*. 17.17 Supplemental Instruction.

Plaintiff has provided no evidence relating to Defendants' access to its copyrighted work.  And even if it is able to provide such evidence, images of the designs and garments at issue show the designs are not "substantially similar," but are instead vastly dissimilar.  The designs themselves, even without documents evidencing copyright registrations or independent creation, demonstrate that Defendants did not copy Star Fabrics' purportedly copyrighted work.

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

<u>"Subject Design"</u>              <u>Allegedly Infringing Design</u>



16      As these images demonstrate, although the two designs contain similar elements,

17  the arrangement of those elements is significantly different.  The overall look and feel

18  of the designs is so different that any jury is unlikely to conclude that there was copying

19  or that these designs are "substantially similar."  Some specific differences include: (1)

20  Meetu's design clearly does not have thin white lines running through the otherwise

21  solid black ovals, as shown in the close-up images depicted in the Complaint; (2)

22  Meetu's dress shows that its large black ovals are surrounded by a thick white border,

23  which does not exist in Plaintiff's Subject Design; and (3) Meetu's design includes

24  large black circles, inside of which are black and white shapes configured in a diamond

25  pattern, but these are absent from Plaintiff's design.  These are but a few of the many

26  differences between the two designs.  So in addition to the critical fact that Plaintiff has

27  provided no evidence of copying or any defendant's access to Plaintiff's design, the

28  parties' designs provide evidence that no such copying occurred.

CALL&
JENSEN

Because Plaintiff cannot prove the second element of its infringement claim, that Defendants copied its copyrighted work, summary judgment should be granted.

### 3.     Denying this motion would prejudice Defendants.

Having not received any evidence from Plaintiff during discovery, Defendants cannot evaluate any documents or testimony that Plaintiff would seek to offer at trial, which prohibits Defendants from mounting a proper defense.  Furthermore, even if all documents responsive to Defendants' requests were produced immediately, and Plaintiff offered witnesses for depositions in the very near future, with the April 18, 2017 trial date only two months away, Defendants would have insufficient time to fully analyze the evidence and prepare for trial.  Requiring Defendants to proceed to trial in the absence of evidence would prejudice and cause irreparable harm to Defendants. The case should therefore be dismissed for failure to prosecute, and Defendants' summary judgment motion should be granted.

## V.     <u>CONCLUSION</u>

Defendants respectfully request that the Court dismiss this case for Plaintiff's failure to prosecute and grant summary judgment, because: (a) Plaintiff failed to provide evidence of authorship or ownership of the Subject Design during the discovery period and therefore can provide no such evidence at trial; (b) Plaintiff has failed to provide evidence that any Defendant had access to the Subject Design and therefore can provide no such evidence at trial; and (c) the designs at issue are substantially dissimilar.

1    Dated:  February 13, 2017       CALL & JENSEN
2                                         A Professional Corporation
                                        John T. Egley
3                                         Scott P. Shaw
                                        W. Christopher Dalton

4

5                                  By: */s/ W. Christopher Dalton*
6                                      W. Christopher Dalton

7                                  Attorneys for Defendants Burlington Coat
                                     Factory Direct Corporation and Meetu Magic,
8                                      Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF